# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 19-709V**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * *  * | | |
| | * | |
| JOHN BARRY THOMAS, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: November 25, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * *  * | | |

*Renée J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 14, 2019, John Barry Thomas ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  ECF No. 1 ("Pet."). Petitioner alleged that he suffered from an injury to his left upper extremity as a result of the flu vaccination he received on September 28, 2016. *Id*. On November 25, 2024, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 51, 52. Petitioner was awarded $20,000.00 in damages. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On April 6, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 58 ("Fees App."). Petitioner requests a total of $76,646.04 in attorneys' fees and costs, consisting of $50,526.80 in attorneys' fees and $25,937.24 in attorneys' costs. Fees App. at 1. Petitioner states that he incurred $478.82 in personal costs related to prosecution of this petition. Fees App. Ex. 1 at 2. Respondent responded to the motion on April 7, 2025, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 59 ("Fees Resp.") at 2, 4. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.    Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A.  Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests the following rates of compensation for his counsel: for Ms. Renée J. Gentry, $440.00-$445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, $504.00 per hour for work performed in 2022, $531.00 per hour for work performed in 2023, $561.00 per hour for work performed in 2024, and $602.00 per hour for work performed in 2025; and for Mr. Clifford J. Shoemaker, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. Fees App. Ex. 1 at 20-40. Petitioner also seeks $150.00 per hour for paralegal

services provided by Ms. Sabrina S. Knickelbein for work performed in 2018 and 2019.  *Id.* at 26-27.

Ms. Gentry and her colleagues have previously been awarded the requested rates by other special masters.[3]  *See*, *e.g.*, *Costello v. Sec'y of Health & Hum. Servs.*, No. 23-1228V, 2025 WL 1912764, at *1 (Fed. Cl. Spec. Mstr. June 16, 2025); *Singleton v. Sec'y of Health & Hum. Servs.*, No. 17-1474V, 2024 WL 5087743, at *2 (Fed. Cl. Spec. Mstr. Nov. 12, 2024); *Saville v. Sec'y of Health & Hum. Servs.*, No. 21-794V, 2024 WL 3967034, at *2 (Fed. Cl. Spec. Mstr. July 31, 2024). Accordingly, I find the requested rates are reasonable and will award them herein.

## B.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *see also Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton*, 3 F.3d at 1521.  It is within a special master's discretion to make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011*), mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's

---

[3] Ms. Gentry billed $440.00 for work performed from March through June 2019 and $445.00 per hour in October 2019.  She has previously been awarded the rate of $445.00 per hour for 2019; therefore, I will award Ms. Gentry's rate(s) as billed.

decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While Petitioner is entitled to an award of attorneys' fees and costs, I find that the number of hours billed is excessive. For the reasons explained below, I reduce the fees billed by Petitioner by 5%, resulting in a reduction of **$1,561.60**.

### 1. Excessive Intraoffice Communication

The issue of excessive intraoffice communication and the lack of detail regarding that communication has arisen many times in cases involving Mr. Shoemaker. *See*, *e.g.*, *J.D. v. Sec'y of Health & Hum. Servs.*, No. 14-742V, 2024 WL 4043674, at *3 (Fed. Cl. Spec. Mstr. May 21, 2024); *Maciel v. Sec'y of Health & Hum. Servs.*, No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019). Having reviewed the billing entries in this case, I find Mr. Shoemaker billed a total of 8.7 hours for tasks involving intraoffice communication. There are over 35 entries billing for such communications; examples include (but are not limited to):

- May 14, 2018: 0.20 hours billed at $450.00 by Mr. Shoemaker for "Discuss case with Renee and Gretchen."

- August 20, 2018: 0.30 hours billed at $450.00 by Mr. Shoemaker for "Email from Sabrina about letters from providers; discuss status of recs requests with Gretchen."

- May 30, 2019: 0.10 hours billed at $460.00 by Mr. Shoemaker for "Email to Sabrina and Renee and Gretchen about completeness of record and getting them filed."

Fees App. Ex. 1 at 20, 22, 24. These entries do not contain sufficient detail to allow me to determine the reasonableness of the communications at issue. As it has in the past, this leads to a reduction in reasonable attorneys' hours.

### 2. Clerical/Administrative Work

There were also multiple entries in the submitted billing records seeking payment for clerical or administrative work. These entries totaled 1.2 hours for Mr. Shoemaker, 2.1 hours for Ms. Gentry, and 0.8 hours for Ms. Knickelbein. Examples include (but are not limited to):

- July 26, 2018: 0.10 hours billed at $450.00 by Mr. Shoemaker for "Review and approve prepay."

- June 12, 2019: 0.30 hours billed at $440.00 by Ms. Gentry for "drafted nfd EXH1-9."

- August 12, 2019: 0.40 hours billed at $150.00 by Ms. Knickelbein for "Filed Exhibits 9-18; Drafted and electronically filed a Notice of Filing Documents."

Fees App. Ex. 1 at 21, 26-27. These clerical and administrative tasks are not compensable and warrant a reduction in attorneys' fees.

Because the attorneys, paralegals, and student attorneys billed at different rates over various years, I believe a percentage reduction is more appropriate than line-item deductions. All the errant billing occurred in 2018 in 2019. Accordingly, I conclude that a 5% reduction for the fees billed during that timeframe is warranted. This results in a reduction of **$1,561.60**. Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$48,965.20**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $25,937.24 in attorneys' costs. Fees App. Ex. 1 at 41. This amount consists of costs associated with acquiring medical records, postage, and for expert services provided by neurologist Carlo Tornatore, M.D. *Id*. Dr. Tornatore billed at $450.00 per hour for 53.5 hours, totaling $24,075.00. *Id*. at 86. Dr. Tornatore's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable. *See Ferrari v. Sec'y of Health & Hum. Servs.*, No. 19-93V, 2024 WL 4503644, at *3 (Fed. Cl. Spec. Mstr. Aug. 22, 2024). Petitioner has provided adequate documentation supporting all requested costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and award them in full.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$25,937.24**.

### D. Petitioner's Personal Costs

Petitioner further requests reimbursement of $478.82 in personally incurred costs for the Court's filing fee, acquiring medical records, making copies, and postage. Fees App. Ex. 1 at 2. I find the amount requested reasonable and will award it in full.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable to the extent described above. I conclude that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $50,526.80 |
| (Reduction to Fees) | ($1,561.60) |
| **Total Attorneys' Fees Awarded** | **$48,965.20** |
| | |
| Attorneys' Costs Requested | $25,937.24 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$25,937.24** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$74,902.44** |

|  |  |
|---|---|
| Petitioner's Costs Requested | $478.82 |
| (Reduction to Petitioner's Costs) | - |
| **Total Petitioner's Costs Awarded** | **$478.82** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $74,902.44 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Ms. Renée J. Gentry's IOLTA account for prompt disbursement.**

2) **a lump sum of $478.82 for Petitioner's personal costs, to be paid through an ACH deposit to Ms. Renée J. Gentry's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).